UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SEMEA PLUMMER,
          Plaintiff,

vs.

MERRICK GARLAND,
as Attorney General of the
United States, United States
Department of Justice, United
States Federal Bureau of Prisons,
          Defendant.

_____/

## COMPLAINT

Plaintiff, Semea Plummer, hereby files this Complaint, against the Defendant, Merrick Garland, as Attorney General of the United States, United States Department of Justice, United States Federal Bureau of Prisons; and as grounds therefor, the Plaintiff states as follows:

## I.
## INTRODUCTION

1. This is an action to halt and seek redress for the unlawful discrimination, perpetuated by the Defendant, against the Plaintiff, for the violation of the Rehabilitation Act of 1973, *see,* 29 U.S.C. Section 791, and under the Rehabilitation Act of 1973, Executive Agencies, such as the Department of Justice, cannot deny qualified individuals, workplace accommodations, or discriminate against them, because they are "qualified individuals, with disabilities."

1

2. This is also an action to halt and seek redress for the unlawful disparate treatment, perpetrated by the Defendant, against the Plaintiff, based on his race and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*

3. In addition, the Plaintiff seeks redress, because he contends that he was subjected to unlawful disparate treatment based on his age, as an older worker, in the terms and conditions of his employment, in violation of the Age Discrimination In Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. Section 623.

4. Under the Rehabilitation Act of 1973, Executive Agencies, such as the Department of Justice, United States Bureau of Prisons, cannot seek the implementation of adverse employment actions, or discriminate against employees, because they are "qualified individuals with disabilities," and because they have sought the protections of the Rehabilitation Act of 1973.

5. The Plaintiff held the position of GS-8 Senior Officer Specialist, a Correctional Officer Position, at the Federal Correctional Center ("FDC") in Miami, and during all relevant times, regarding his Equal Employment Opportunity ("EEO") Complaint, specifically, on or about May 3, 2022; he was designated as being in a Temporary Job Modification ("TJM") Status,[1] and he was assigned to a Screening Site Post; however, at this Post, the

---

[1] The correct designation for the position, subject to an accommodation, should have been, "Limited Light Duty Status."

Plaintiff was supposedly only authorized to answer and listen to telephone calls, in order to assist the resident Screening Site Officer, but the Plaintiff was compelled to perform the duties of the Screening Site Officer, which involved a substantial amount of standing and walking within a confined area.

6. These additional duties, associated with the position of a Screening Site Officer, violated the Plaintiff's work restrictions, and these violations, caused him to experience a tremendous amount of pain; and further, being unlawfully compelled by Agency management, to perform these additional duties, significantly exacerbated his disabilities.

7. Plaintiff seeks appropriate legal redress for the alleged statutory violations, including appropriate damages and a declaratory judgment, recognizing the illegality of Defendant's personnel practices, as applied to him, as an employee of the Department of Justice, United States Federal Bureau of Prisons.

## II.
## PARTIES

8. Plaintiff, Semea Plummer ("PLUMMER"), is a former resident of Broward County, Florida, and at all material times herein, he was a "qualified individual with a disability," during his employment, in the position of GS-8 Senior Officer Specialist, a Correctional Officer Position at the Federal Correctional Center ("FDC") Miami, and he has been employed by the Agency for over seventeen years.

9. Plaintiff's rated disabilities, include the following permanent conditions: significant deficits in his upper and lower back, associated with a spinal injury; and in addition,

3

significant deficits in his left knee; and moreover, significant deficits in both of his ankles and feet; these orthopedic deficits substantially impair the Plaintiff's major life activities, including, performing occupational duties, and other activities such as performing yard work, exercising and driving long distances.

10. Plaintiff, as a qualified individual with a disability, has been subjected to unlawful direct evidence of discrimination and to unlawful disparate treatment, under the Rehabilitation Act.

11. Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons, is the Agency Head, of the U.S. Department of Justice, and as such, he is responsible for the personnel policies of this Executive Agency, and further, the action herein, within the federal district court, is brought against him, in his official capacity.

## III.
## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. Section 1331; and in addition, the Plaintiff seeks declaratory relief in this action, pursuant to 28 U.S.C. Sections 2201 and 2202.

13. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391, since a substantial part of the events or missions giving rise to the pertinent claims, occurred in the Southern District of Florida.

4

14. On July 6, 2022, the Plaintiff timely sought the requisite Equal Employment Opportunity ("EEO") counseling; and in addition, thereafter, on September 16, 2022, he filed a timely formal complaint of discrimination; the Plaintiff continued with the processing of his Complaint, in the EEO Administrative Process, before an Administrative Judge and the administrative process, and the Agency issued a Final Agency Decision on March 5, 2024, denying the existence of any discrimination, and providing the Plaintiff with ninety (90) days in which to file a complaint in federal district court. The Complaint in the federal district court has been timely filed. [A copy of the Final Agency Decision, is attached hereto, as **EXHIBIT A.**]

15. This Court may properly assert jurisdiction over Merrick Garland, as Attorney General of the United States, Department of Justice, United States Federal Bureau of Prisons, as the Agency Head of the United States Department of Justice, which is headquartered in Washington, D.C., since the Agency's directives and policies substantively affected the Plaintiff's employment relationship with the Defendant, within the Southern District of Florida.

**IV.**
**FACTUAL ALLEGATIONS**

16. Plaintiff, PLUMMER, is an African American male, and at the time of the filing of his formal complaint of discrimination in this case, within the administrative process, he was forty-six (46) years old, with a birth date of May, 1976.

5

17. On or about April 21, 2022, while PLUMMER was recuperating at home, for a period of forty-five days, due to a work-related injury, which had occurred on March 11, 2021, and he received a telephone call from Captain Jeffrey Weirich ("WEIRICH"), informing the Plaintiff, that when he returned to work on May 3, 2022, he was to sign a temporary job modification agreement.

18. However, a Limited Light Duty ("LLD") assignment was more appropriate, since the Plaintiff had been injured on the job; and WEIRICH presented PLUMMER with an LLD position, which only involved answering and listening to telephone calls; and assisting the Post Screening Site Officer, with the checking, review and the preparation of administrative paperwork.

19. PLUMMER's applicable medical restrictions included no standing or walking for more than five minutes, no lifting, pushing, or pulling over five pounds, no reaching too far forward for more than five minutes and the restricted duties were not to continue beyond a normal eight-hour shift.

20. On or about May 3, 2022; the Plaintiff was designated as being in an LLD Status, and he was assigned at a Screening Site Post; however, at this Post, the resident Screening Site Officer had been assigned to another post; and PLUMMMER in effect, assumed full duty site tasks, which involved constant standing; walking within the Post area, which violated the Plaintiff's work restrictions.

21. These additional duties, associated with the position of a Screening Site Officer, violated the Plaintiff's work restrictions, which caused him to experience a tremendous amount of

pain; and further, being compelled to perform these additional duties and tasks, significantly exacerbated his disabilities.

22. Specifically, PLUMMER was required to constantly stand to issue and receive locker keys, and he was also required to walk to the front lobby to deliver paperwork; and in addition, wearing the walking boot on his left foot, further damaged the Plaintiff's ankle and foot, but he could not perform the additional functions without the boot.

23. Throughout the month of May, 2022, PLUMMER repeatedly asked for applicable accommodations, in accordance with his LLD restrictions, and his requests were directed to the Warden, Eugene Carlton, WEINRICH and KAFUT, but there was no meaningful response, from any management official, KAFUT just stated, "you will go where we assign you."

24. During the period of assumption of the duties of a Screening Site Officer, during a period of several weeks, the Plaintiff found it necessary to wear a support boot on his left foot and leg, which substantially limited his range of motion.

25. PLUMMER then contacted Administrative Lieutenant Lisa Kafut ("KAFUT"), and he informed her of the lack of a workable, or viable workplace accommodation, as well as the constant pain, which he was experiencing on the Post, based on the lack of a reasonable accommodation.

26. Plaintiff informed KAFUT that he needed the assistance of the actual Screening Site Officer on the Post, or he would need to be transferred to the second floor of the detention

7

facility, where disabled workers have been traditionally accommodated by management, the Executive Staffing area.

27. Plaintiff further informed KAFUT that his LLD restrictions had been continuously violated over a period of several weeks.

28. KAFUT stated that further accommodations, "are not going to happen," and "you (PLUMMER) will go where you are assigned," and "if you (PLUMMER) are in so much pain, that you cannot stay on the job, then go home and take sick leave."

29. On or about June 2, 2022, PLUMMER received a call from Lieutenant Charles Jenkins, informing the Plaintiff that he had to remain at the Post for another eight-hour shift.

30. PLUMMER then informed his treating physician that he could not maintain his scheduled appointment, since he was being ordered to continue as the Screening Site Officer.

31. The treating physician told PLUMMER that if the assigned position violated the LLD restrictions, then he needed to file a complaint, immediately.

32. In addition, because the Plaintiff was ordered to remain at the Post, as the Screening Site Officer, he sustained an additional injury, because he was struck from behind with an office chair, while he was attempting to stand, further exacerbating his disabilities.

33. PLUMMER's duty belt chain became entangled in the arm of the chair, causing him to fall on both of his knees.

34. As a result of this exacerbating incident, PLUMMER was sent home for the remainder of the shift, on June 2, 2022; and he was required to remain out of work for an additional

forty-five days; and upon the Plaintiff's return to work, he was assigned to monitor telephone calls on the Executive Staff Second Floor Unit, until January 5, 2023.

35. In addition to disability discrimination, the Plaintiff was also treated in an unlawful disparate manner on the basis of his race and age; for example, other similarly situated staff, outside of the Plaintiff's protected class were reasonably accommodated.

36. A disparate treatment analysis, based on race and age, can be properly made here, since numerous similarly situated employees, outside of the Plaintiff's protected class, were indeed treated more favorably, with regard to the implementation of a reasonable accommodations in the workplace.

37. Several employees, outside of the Complainant's protected class were readily accommodated:

   a. Officer Hillary Bryant, an African American female in her thirties, was accommodated, by being placed in the second-floor administrative area, where limited duty work was available;

   b. Officer Kenasha Simonette, an African American female in her thirties, was accommodated, by being placed in the second-floor administrative area, where limited duty work was available;

   c. Officer Erin Kann, a Caucasian female, in her thirties, was accommodated, by being placed in the second-floor administrative area, where limited duty work was available;

9

    d. Officer Mary Melek, a Caucasian female in her early forties, was accommodated, by being placed in the second-floor administrative area, where limited duty work was available; and

    e. Officer Kenny Castillo, a Hispanic male, in his late forties, was accommodated, by being placed in the second-floor administrative area, where limited duty work was available.

38. Moreover, the Plaintiff was denied additional job benefits, based on his race and age, for example, Officer Kann, a white female,[2] was permitted to work on Memorial Day and to receive Holiday Pay and Shift Differential Pay, but the Plaintiff was denied this workplace opportunity.

39. The Plaintiff was removed from the assigned work schedule for Memorial Day, 2022; and he only received regular day watch shift pay; and not holiday pay, and as such, this personnel practice constituted unlawful disparate treatment.

## COUNT I
## (VIOLATION OF THE REHABILITATION ACT OF 1973, FAILURE TO ACCOMMODATE)

40. Plaintiff restates and reavers the allegations contained in Paragraphs 1—39 of the Complaint, as if fully set forth herein.

41. Plaintiff is a, "qualified individual with a disability," under the Rehabilitation Act of 1973, and his disabilities impair his major life activities, including working.

---

[2] Officer Erica Kann is the relevant comparator on this issue, she is a Caucasian female in her mid-thirties.

10

42. Plaintiff was qualified to perform his essential job functions according to the applicable LLD assignment, to assist the Screening Site Officer on the applicable Post.

43. In accordance with his work restrictions, Plaintiff requested reasonable accommodations, and to perform the assigned LLD functions, and granting the performance of these job functions, would not have imposed an undue hardship on the Defendant employer.

44. The Defendant denied the requested reasonable accommodations, which violated his LLD restrictions; and further, the violations of the applicable work restrictions and the failure to grant reasonable accommodations, caused the Plaintiff to experience further injury, thereby exacerbating his disabilities.

45. The Defendant articulated no bona fide business reasons for the denial of the requested reasonable accommodations and or for the rejection of the adhering to the LLD restrictions.

46. The repeated denials of the requested reasonable accommodations, without any legal or factual justification, constitutes nothing less than continuous and on-going harassment of the Plaintiff, based on his status as, "a qualified individual with a disability."

47. By failing to provide the requested reasonable accommodations, the Defendant employer has discriminated against the Plaintiff, on the basis of his disabilities, in violation of the Rehabilitation Act of 1973.

48. The Defendant's actions herein, were undertaken, with a willful and wanton disregard of PLIUMMER's recognized rights under the Rehabilitation Act of 1973.

49. The Defendant's actions herein, in violation of the Plaintiff's work restrictions, constituted direct evidence of unlawful discrimination.

50. Not only was the Plaintiff unlawfully denied reasonable accommodations, but in addition, he was unlawfully denied job benefits, such as a holiday pay, without any reasonable justification.

51. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated job-related losses.

52. Moreover, in order to enforce his rights and legal protections, under the Rehabilitation Act of 1973, Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE**, Plaintiff, Semea Plummer, respectfully requests that the Court enter judgment in his favor, against the Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons; for violations of the Rehabilitation Act; and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of the Rehabilitation Act of 1973, and further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, front pay, and the restoration of any and all job benefits, associated with his employment with the Defendant;

C) Award the Plaintiff compensatory damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

D) Award any and all further relief, including attorney's fees, costs, and pre-judgment interest, which the Court deems to be just, proper, and equitable.

## COUNT II
## (VIOLATION OF THE REHABILITATION ACT, DISPARATE TREATMENT]

53. Plaintiff restates and reavers the allegations contained in Paragraphs 1—39 of the Complaint, as if fully set forth herein.

54. Plaintiff, as an African American male, is a "qualified individual with a disability," subject to the protections of the Rehabilitation Act of 1973.

55. Plaintiff, as an African American male, and as a "qualified individual with a disability," was treated in an unlawful disparate manner on the basis of his disability, in that similarly situated individuals, outside of his protected class, were granted reasonable accommodations in the workplace, but he was denied such workplace accommodations.

56. The Defendant's actions herein, were undertaken with a willful and wanton disregard of PLIUMMER's recognized rights under the Rehabilitation Act.

57. Not only was the Plaintiff unlawfully denied reasonable accommodations, but in addition, he was unlawfully denied job benefits, such as a holiday pay, without any reasonable justification.

58. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated job-related losses.

59. Moreover, in order to enforce his rights and legal protections, under the Rehabilitation Act of 1973, Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE**, Plaintiff, Semea Plummer, respectfully requests that the Court enter judgment in his favor, against the Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons; for violations of the Rehabilitation Act, and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of Title VII of the Civil Rights Act of 1964, as amended, further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, front pay, and the restoration of any and all job benefits, associated with his employment with the Defendant;

C) Award the Plaintiff compensatory damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

14

D) Award any and all further relief, including attorney's fees, reasonable costs, and pre-judgment interest, which the Court deems to be just, proper, and equitable.

## COUNT III
## (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, RACE DISCRIMINATION)

60. Plaintiff restates and reavers the allegations contained in Paragraphs 1—39 of the Complaint, as if fully set forth herein.

61. Plaintiff, as an African American male, is a member of a protected class, based on his race.

62. Plaintiff, as an African American male, was treated in an unlawful disparate manner on the basis of his race, in that similarly situated individuals outside of his protected class, were granted reasonable accommodations in the workplace, but he was denied such workplace accommodations.

63. Plaintiff, as an African American male, was treated in an unlawful disparate manner on the basis of his race, in that similarly situated individuals outside of his protected class, were granted holiday pay, but he was denied such workplace job benefits.

64. The Defendant's actions herein, were undertaken, with a willful and wanton disregard of PLIUMMER's recognized rights under Title VII.

65. Not only was the Plaintiff unlawfully denied reasonable accommodations, but in addition, he was unlawfully denied job benefits, such as a holiday pay, without any reasonable justification.

66. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated job-related losses.

67. Moreover, in order to enforce his rights and legal protections, under the Rehabilitation Act of 1973, Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE,** Plaintiff, Semea Plummer, respectfully requests that the Court enter judgment in his favor, against the Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons; for violations of Title VII, as amended, and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of Title VII of the Civil Rights Act of 1964, as amended, further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, front pay, and the restoration of any and all job benefits, associated with his employment with the Defendant;

C) Award the Plaintiff compensatory damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

D) Award any and all further relief, including attorney's fees, reasonable costs, and pre-judgment interest, which the Court deems to be just, proper, and equitable.

**COUNT IV**
**(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, GENDER DISCRIMINATION)**

68. Plaintiff restates and reavers the allegations contained in Paragraphs 1—39 of the Complaint, as if fully set forth herein.

69. Plaintiff, as an African American male, is a member of a protected class, based on his race.

70. Plaintiff, as an African American male, was treated in an unlawful disparate manner, on the basis of his gender, in that similarly situated individuals, outside of his protected class, were granted reasonable accommodations in the workplace, but he was denied such workplace accommodations.

71. Plaintiff, as an African American male, was treated in an unlawful disparate manner on the basis of his gender, in that similarly situated individuals, outside of his protected class, were granted holiday pay, but he was denied such workplace job benefits.

72. The Defendant's actions herein, were undertaken with a willful and wanton disregard of PLIUMMER's recognized legal rights under Title VII.

73. Not only was the Plaintiff unlawfully denied reasonable accommodations, but in addition, he was unlawfully denied job benefits, such as a holiday pay, without any reasonable justification.

74. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated job-related losses.

75. Moreover, in order to enforce his rights and legal protections, under Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE**, Plaintiff, Semea Plummer, respectfully requests that the Court enter judgment in his favor, against the Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons; for violations of Title VII, as amended, and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of Title VII of the Civil Rights Act of 1964, as amended, further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, front pay, and the restoration of any and all job benefits, associated with his employment with the Defendant;

C) Award the Plaintiff compensatory damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

18

D) Award any and all further relief, including attorney's fees, reasonable costs, and pre-judgment interest, which the Court deems to be just, proper, and equitable.

## COUNT V
## (VIOLATION OF THE ADEA OF 1967, AS AMENDED).

76. Plaintiff restates and reavers the allegations contained in Paragraphs 1—39 of the Complaint, as if fully set forth herein.

77. Plaintiff is an older worker, he was forty-six years old at the time the formal complaint of discrimination was filed in this case, and hence, he is subject to the protections of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 623.

78. Plaintiff, as an older worker, over the age of forty (40), was treated in an unlawful disparate manner, on the basis of his age, in that similarly situated, substantially younger individuals, outside of his protected class, were granted reasonable accommodations in the workplace, but he was denied such workplace accommodations, as an older worker.

79. The Plaintiff, herein, as an older worker, was treated in an unlawful disparate manner on the basis of his age, in that similarly situated individuals outside of his protected class, were granted holiday pay, but he was denied such workplace job benefits.

80. The Defendant's actions herein, were undertaken with a willful and wanton disregard of PLIUMMER's recognized legal rights under the Age Discrimination in Employment Act ("ADEA") of 1967, as amended.

19

81. Not only was the Plaintiff unlawfully denied reasonable accommodations, but in addition, he was unlawfully denied job benefits, such as a holiday pay, without any reasonable justification.

82. As a direct and proximate result of the Defendant employer's unlawful actions, the Plaintiff has suffered both pecuniary and non-pecuniary harm, along with associated job-related losses.

83. Moreover, in order to enforce his rights and legal protections, under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, and the Plaintiff has retained undersigned counsel, and as a result thereof, Plaintiff has incurred attorney's fees and costs.

**WHEERFORE**, Plaintiff, Semea Plummer, respectfully requests that the Court enter judgment in his favor, against the Defendant, Merrick Garland, as Attorney General of the United States, Department of Justice, United States Bureau of Prisons; for violations of the ADEA as amended, and order the following substantive relief:

A) Declare that the Defendant's actions in this case, with regard to the imposition of its personnel practices, against the Plaintiff, violated the substantive provisions of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, further, enjoin the Defendant from taking any further such actions;

B) Award the Plaintiff pecuniary damages, including back pay, associated with his employment with the Defendant;

C) Award the Plaintiff liquidated damages, as compensation for emotional pain and suffering, resulting from the Defendant's unlawful conduct; and

D) Award any and all further relief, including attorney's fees, pre-judgment interest and reasonable costs, which the Court deems to be just, proper, and equitable.

## Demand for Trial by Jury

Plain9tiff requests trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for the Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 17th day of May, 2024.